LAWRENCE v. AMERICAN SURETY CO. OF NEW YORK.

1. States—Estoppel by Officer.

   To estop State, acts or conduct of officer must be within scope of his authority.

2. Same—Scope of Authority.

   Where State treasurer had no authority over depository bonds except their custody, his statement of their legal status at any time was not within scope of his authority and could not estop State.

3. Same—Equity—Estoppel—Indirect Nullification of Statute —Depository Bonds.

   Although unfortunate position of surety on State's depository bond is due to its misconception of law and appeals to sense of equity, relief to it would not justify rule that would permit nullification of statute enacted for protection of State's funds by indirection through estoppel by officer who has no direct power to work said result.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 19, 1933. (Docket No. 117, Calendar No. 37,189.) Decided June 5, 1933. Rehearing denied October 2, 1933.

Bill by Howard C. Lawrence, State treasurer, against American Surety Company of New York, and others for declaratory judgment as to liability upon depository bonds. From judgment for plaintiff as to some defendants only, plaintiff and certain defendants appeal. Modified and affirmed. On motion for rehearing by Massachusetts Bonding & Insurance Company, Detroit Fidelity & Surety Company, and Indemnity Insurance Company of North America. Rehearing denied.

*Patrick H. O'Brien,* Attorney General, and *Charles F. Cummins,* Assistant Attorney General, for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant Massachusetts Bonding & Insurance Company.

*Sherman T. Handy,* for defendant Detroit Fidelity & Surety Company.

*Bishop & Weaver,* for defendant Indemnity Insurance Company of North America.

ON MOTION FOR REHEARING.

FEAD, J.   The Massachusetts Bonding & Insurance Company moves for a rehearing because the opinion (263 Mich. 586) overlooked the fact that the highway bond was not delivered until after defendant had received the State treasurer's letter of September 14th.   The time of delivery appeared only casually in the testimony, was not definitely stated, and was not stressed in the pleadings, briefs, or argument.

Re-examination of the testimony demonstrates that defendant did not sustain the burden of proof of estoppel.   By the representation that the funds covered by the bond had been withdrawn, the State treasurer meant that sufficient funds had been checked out to permit reduction of the security. There was no testimony that defendant did not know the condition of the deposit nor that it understood the treasurer's statement otherwise than as he intended, nor that it wrote the highway bond in reliance on an understanding that the whole deposit had been withdrawn.   The testimony is that it relied upon "the fact that the bond had been canceled."

Defendant had had legal advice on the authority of the State treasurer to cancel, and it is evident it relied on such authority.

To estop the State, the acts or conduct of an officer must be within the scope of his authority. 10 R. C. L. p. 704; 21 C. J. p. 1191. Had the three approving officers known of the arrangement between the defendant and the bank, and had they acquiesced in or failed to object to the attempted cancellation, a different question would be presented. It is true the treasurer had full power over the deposit, but, unlike the authority of a bank cashier over bills and notes, as declared in *Cochecho National Bank* v. *Haskell,* 51 N. H. 116 (12 Am. Rep. 67), relied on by defendant, he alone had no authority over the depository bonds except their custody. Obviously his statement of their legal status at any time was not within the scope of his authority and could not estop the State.

Defendant's position is unfortunate, and appeals to a sense of equity, but apparently was due to a conception of the law different from that declared by this court. Relief to it would not justify a rule which would permit nullification of a statute enacted for protection of State funds, by indirection through estoppel, by an officer who has no direct power to work the result.

The Indemnity and Detroit companies also move for rehearing, but present nothing not already covered.

Rehearing denied.

McDonald, C. J., and Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred. Clark, J., took no part in this decision.